# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ROBERT MILLER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-20-00126-PRW |
| | ) |
| BRIAN SHAFFER, THE OKLAHOMA COUNTY | ) |
| DETENTION CENTER, and | ) |
| THE BOARD OF COUNTY COMMISIONERS | ) |
| OF OKLAHOMA COUNTY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendant Board of County Commissioners of Oklahoma County's Motion to Dismiss Amended Complaint (Dkt. 15) and Defendant Oklahoma County Detention Center's Motion to Dismiss Amended Complaint (Dkt. 16). For the reasons set forth below, the Court **GRANTS** both motions.

### *Background*

The Amended Complaint (Dkt. 14) is short on facts and the few that it has are vague. After stripping it of legal conclusions and elemental recitals,[1] it states only as follows: Robert Miller was a pretrial detainee at the Oklahoma County Detention Center. On July 2, 2019, Deputy Sheriff Brian Shaffer placed Miller in his cell. As Shaffer closed the cell door, Miller's finger was caught in the door, shearing off the tip. Shaffer then took Miller

---

[1] *See infra* Standard of Review.

to the onsite infirmary, where reattachment was attempted. The attempt was unsuccessful, however, and Miller received additional treatment for his injury at a hospital two weeks later.

Miller sued Deputy Sheriff Shaffer, in his individual and official capacities, the Oklahoma County Detention Center (the "Detention Center"), and the Board of County Commissioners of Oklahoma County (the "Board of Commissioners") asserting claims against each under 42 U.S.C. § 1983 and for negligence. Miller also asserts an additional claim for intentional infliction of emotional distress against Shaffer.[2]

Now, the Board of Commissioners and the Detention Center ask the Court to dismiss the claims against them.

### *Standard of Review*

In reviewing a Rule 12(b)(6) motion to dismiss, all well-pleaded allegations in the complaint must be accepted as true and viewed "in the light most favorable to the plaintiff."[3] While a complaint need not recite "detailed factual allegations," "a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels

---

[2] *See* Pl.'s Br. in Supp. of His Resp. to Def. Bd. of Cnty. Comm'rs of Okla. Cnty.'s Mot. to Dismiss (Dkt. 18) at 27 ("Plaintiff's claim for intentional infliction of emotional distress in this case is brought against the individual defendant Shaffer.").

[3] *Alvarado v. KOB-TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007) (quoting *David v. City & Cnty. of Denver,* 101 F.3d 1344, 1352 (10th Cir. 1996)).

and conclusions, and a formulaic recitation of the elements of a cause of action will not do."[4] The pleaded facts must establish that the claim is plausible.[5]

## *Discussion*

I. *Defendant Board of County Commissioners of Oklahoma County's Motion to Dismiss Amended Complaint (Dkt. 15)*

The Court finds that Miller's claim against the Board of Commissioners brought under 42 U.S.C. § 1983 should be dismissed. There is no factual allegation or clear inference to be drawn from the facts alleged that Miller did not receive medical care or that the care he did receive was inadequate. At bottom, Miller's gripe appears to be that he was initially treated at the onsite infirmary instead of at a hospital.[6] But a bare disagreement as to the place of treatment is not enough to allege a constitutional violation,[7] as is necessary to state a claim under 42 U.S.C. § 1983.[8]

The Court also finds that Miller's negligence claim against the Board of Commissioners should be dismissed. "The State of Oklahoma . . . adopt[ed] the doctrine of sovereign immunity," immunizing "[t]he state, its political subdivisions, and all of their

---

[4] *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citations omitted) (alteration in original).

[5] *Id.*

[6] *See* Am. Compl. (Dkt. 14) at 4 ("The failure to immediately secure hospital care . . . demonstrated a callous disregard for [his] welfare . . . and deliberate indifference to [his] medical needs . . . .").

[7] *Cf. Gee v. Pacheco*, 627 F.3d 1178, 1192 (10th Cir. 2010) ("Disagreement with a doctor's particular method of treatment, without more, does not rise to the level of an Eighth Amendment violation." (citations omitted)).

[8] *See Myers v. Okla. Cnty. Bd. of Cnty. Comm'rs*, 151 F.3d 1313, 1318 (10th Cir. 1998).

employees acting within the scope of their employment . . . from liability for torts,"[9] including for losses or claims resulting from the "operation . . . of any prison, jail or correctional facility."[10] The negligence claim against the Board of Commissioners fits squarely within the scope of this sovereign immunity: Miller asserts a tort claim against a county in connection with the medical care he received at a county penal institution, where the provision of such care is a core operational function.[11] As such, this claim too must be dismissed.

    II.    *Defendant Oklahoma County Detention Center's Motion to Dismiss the Amended Complaint (Dkt. 16)*

The Detention Center also moves to dismiss, and Miller concedes dismissal is proper. The Court therefore dismisses Miller's claims against the Detention Center.

    III.    *Plaintiff's Claims Against Defendant Shaffer*

Finally, the Court notes that Miller has not yet served Shaffer. Federal Rule of Civil Procedure 4(m) requires service within 90 days of the filing of the complaint—a period that has long since elapsed. In accordance with that rule, the Court notifies Miller that it

---

[9] Okla. Stat. tit. 51, § 152.1(A).

[10] Okla. Stat. tit. 51, § 155(25).

[11] *See Medina v. State*, 1993 OK 121, 871 P.2d 1379, 1384 (finding that the language of § 155(25) demonstrates "an intent to withhold the waiver of sovereign immunity for any loss or injury, whether to an inmate or other person, resulting from the operational level acts required to furnish the services of a penal institution, *including. . . medical and health services*" (emphasis added)).

will dismiss his claim against Shaffer in fourteen (14) days unless he shows good cause for his failure to effect service.[12]

*Conclusion*

For the reasons set forth above, the Court **GRANTS** Defendant Board of County Commissioners of Oklahoma County's Motion to Dismiss Amended Complaint (Dkt. 15); **GRANTS** Defendant Oklahoma County Detention Center's Motion to Dismiss Amended Complaint (Dkt. 16); and **NOTIFIES** Miller that his claims against Defendant Shaffer will be dismissed unless he shows good cause for his failure to effect service upon the same within fourteen (14) days of this order.[13]

**IT IS SO ORDERED** this 16th day of July 2021.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[12] *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.").

[13] If Miller wishes to seek leave to amend, he should do so by separate motion.